UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 8 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Jean-Pierre Ronet, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0850 |
| ) | |
| United States of America *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Plaintiff, a resident of Florida, sues the United States, the United States District Court for the Middle District of Florida (Tampa Division) and its Clerk of Court, as well as the City of Tampa, the Second District Court of Appeals for the State of Florida and a host of court staff and current and former officials based in Florida. The complaint stems from the dismissal of plaintiff's civil action filed in the Middle District of Florida in August 1991, and the denial of his motions to reopen the case and for reconsideration in January and February 2005. *See* Compl. at 4-5 & Attachments. Plaintiff claims that the "transferring of Judge Nimmons, together with the civil complaint being closed and archived was an elaborate conspiracy directed to deny plaintiff his day in Court on the 'factual matters . . .' deliberately stripping plaintiff of his constitutional rights." *Id.* at 5. Plaintiff seeks monetary damages exceeding $120 million.

Judges and other court officials "are absolutely immune from liability for damages" under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for actions taken, as alleged here, within the scope of their official duties as "an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Moreover, this Court is not a reviewing court and, thus, has no authority to review the Middle District of Florida's decisions. *See Smalls v. U.S.*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."); 28 U.S.C. §§ 1331-69 (establishing district court jurisdiction).

As for the defendants who are not covered by immunity, plaintiff has not stated any facts to support their involvement in a conspiracy to deny his civil rights. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (1987) ("Unsupported factual allegations which fail to specify in detail the factual basis . . . will not suffice to sustain a claim of governmental conspiracy to deprive [plaintiff] of [his] constitutional rights.") (internal quotation marks and citations omitted) (brackets in original); *Johnson v. U.S.*, 590 F. Supp.2d 101, 107 (D.D.C. 2008) ("Conclusory allegations of an agreement will not suffice.") The complaint therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 24th, 2009

United States District Judge